IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | Case No. 8:21CR246 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **SUPPLEMENTAL AFFIDAVIT** |
| | ) | **OF CLARENCE E. MOCK** |
| OLIVER J. GLASS, | ) | |
| Defendant. | ) | |

STATE OF NEBRASKA  )
                   ) ss.
COUNTY OF DOUGLAS  )

Clarence E. Mock, being first duly sworn, states as follows:

1. I am counsel of record for Defendant Oliver J. Glass in the above-captioned matter.

2. Filed herewith is an amended motion for issuance of subpoenas and this affidavit is tendered in support of that motion pursuant to NECrimR 17.2(b)(1). The civil process server initially retained by Glass fell ill after taking possession of the subpoenas ordered by this Court on October 18, 2022. Due to this illness, the process server could not serve the subpoenas before October 27, 2022, the date on which a response was due.

3. Glass' amended motion still seeks the production of:

a. all contracts, appointment ledgers, calendars, videoconferencing invitations (including dates, times and participants) and correspondence with third

1

parties related to any claims regarding Glass made in Dodge County District Court at Case Nos. CI 22-122 and CI 22-123, whether in written or electronic form; and

b. all contracts, appointment ledgers, calendars, videoconferencing invitations (including dates, times and participants) and correspondence with third parties related to any claims regarding Oliver J. Glass made in Dodge County District Court at Case No. CI 20-236, whether in written or electronic form;

currently in the possession of Andrea McChesney, individually, and McChesney Family Law Omaha, P.C., L.L.O. (McChesney Family Law), for the following reasons:

(i) Glass was charged with cyberstalking under 18 U.S.C. § 2261A(2)(B). As part of the Indictment, the United States of America alleged Glass engaged in a course of conduct that caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to Victims 1 and 2. Glass is now also charged by information with violating 18 U.S.C. § 242 and is expected to enter a plea to that charge in exchange for dismissal of the Indictment.

(ii) On March 7, 2022, Victim 2 filed a Complaint in Dodge County District Court against Glass at Case No. CI 22-122, alleging intentional infliction of emotional distress, among other claims. Victim 1 filed an identical Complaint against Glass on the same day in Dodge County District Court at Case No. CI 22-123. Victim 2 also filed a petition on May 7, 2020 to

obtain a harassment protection order in Dodge County District Court at Case No. CI 20-236.

(iii) Andrea McChesney, an attorney duly licensed in the state of Nebraska, ostensibly employed by McChesney Family Law, is now or at one time was, the attorney of record for Victim 1 and Victim 2 in each action filed in Dodge County District Court against Glass.

(iv) Discovery provided thus far in the above-captioned matter indicates Victim 2 contemplated filing an action against Glass as early as March 26, 2020, but when Victim 1 first contemplated filing her action is unknown.

(v) Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. F.R.Ev. 401. Relevant evidence is admissible unless provided otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the United States Supreme Court. F.R.Ev. 402.

(vi) The documents sought by Glass are relevant to Victims 1 and 2's bias against Glass and their corrupt motivation to exaggerate or misrepresent any alleged emotional distress caused by Glass because the allegations of Victims 1 and 2 against Glass in the Dodge County District Court seeking civil relief in different forms are substantially similar to

statements attributed to Victims 1 and 2 in discovery provided by the government.

4. Glass does not seek any confidential documents protected by attorney-client privilege. Glass instead seeks non-privileged "... contracts, appointment ledgers, calendars, videoconferencing invitations (including dates, times and participants) and correspondence with third parties" related to any claims regarding Oliver J. Glass made in Dodge County District Court at Case Nos. CI 20-236, CI 22-122, and CI 22-123, whether in written or electronic form, in the possession of McChesney and/or McChesney Family Law. *See In re Grand Jury Proceedings Subpoena to Testify to: Wine*, 841 F.2d 230, 234 n. 3 (8th Cir. 1988)("Absent special circumstances, client identity and fee arrangements are not confidential professional communications protected by the attorney-client privilege.") and *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981)("[Attorney-client privilege] only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.") *See also U.S. v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012)(when an attorney acts in a capacity other than for the purpose of facilitating the rendering of legal services to the client, such as a scrivener, attorney-client privilege does not apply.)

5. The documents sought cannot otherwise be reasonably obtained by due diligence in advance of sentencing if Glass enters a plea.

6. Glass requires the information sought to prepare for sentencing. Failure to obtain advanced production and inspection of these records may unreasonably delay sentencing.

7. This motion is made in good faith and not intended for the purpose of general discovery.

8. Assistant United States Attorney Sean P. Lynch has no objection to this motion.

FURTHER AFFIANT SAYETH NOT.

_____
Clarence E. Mock

The foregoing instrument was subscribed and sworn to before me this 2nd day of November, 2022, by Clarence E. Mock, who is known to me personally.


_____
Notary Public

CERTIFICATE OF SERVICE

I, Clarence E. Mock, hereby certify that on November 2, 2022, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Sean P. Lynch, Assistant United States Attorney.

_____
Clarence E. Mock